LAWRENCE M. HADLEY - State Bar No. 157,728
lhadley@glaserweil.com
STEPHEN E. UNDERWOOD - State Bar No. 320,303
sunderwood@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Plaintiff
Core Optical Technologies, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC,<br><br>                 Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation, CENTURYLINK, INC., a Louisiana corporation, and DOES 1-10,<br><br>                 Defendants. | CASE NO: 8:21-cv-00049-JAK-RAO<br><br>**STIPULATION FOR STAY OF PROCEEDINGS AGAINST ADVA CUSTOMER DEFENDANTS** |

Plaintiff Core Optical Technologies, LLC ("Core") and Defendants Amazon.com, Inc. ("Amazon") and CenturyLink, Inc. ("CenturyLink") (together, the "ADVA Customer Defendants") (collectively, "the Parties") hereby stipulate to, and request, a partial stay of the proceedings in this case. The Parties believe that the requested stay will advance judicial economy, by minimizing the use of resources on this case while the underlying case between Core and ADVA (C.D. Cal. Case No. 20-cv-01463 ("the *ADVA* case")) proceeds on the ADVA Accused Instrumentalities.

I.   BACKGROUND

On August 6, 2020, Core sued ADVA for infringement of certain method claims of Core's U.S. Pat. No. 6,782,211 ("the '211 patent"). ADVA contends that its liability for infringement of the '211 patent may be *de minimis*, or otherwise limited, because the asserted claims are all method claims—which are infringed by practicing the asserted methods—but the primary end-users of the Accused Instrumentalities are ADVA's customers. While Core disputes ADVA's premise (and while ADVA and the Customer Defendants dispute that there is any liability), to ensure that Core is fully compensated for the scope of any infringement that may be found, Core sued the Customer Defendants, who are major end-users of ADVA's accused equipment.

Core brought the instant case against the ADVA Customer Defendants on January 11, 2021. Subsequently, Core and the ADVA Customer Defendants have discussed whether this case should be stayed, in order to promote judicial economy and conserve resources, while the underlying *ADVA* case proceeds. The Parties have agreed to such a stay, which they now request.

II.   REQUEST FOR STAY

The Parties hereby request that all proceedings between them in this case be STAYED, and that the Parties be ordered to meet and confer and to jointly report to the Court regarding continuation of the stay and requested duration of the stay on or before the earlier of (i) March 30, 2022; or (ii) two weeks before the final pre-trial conference in the *ADVA* case.  The Parties believe that such a stay is appropriate to

conserve judicial and party resources while the *ADVA* case proceeds at least through discovery, claim construction, and dispositive motions. ADVA believes that a stay through trial is more appropriate.  Core accuses the ADVA Customer Defendants of infringing the patent-in-suit based on their purchase and use of ADVA's Accused Instrumentalities. Resolution of certain issues in the *ADVA* case could potentially streamline issues in this ADVA customer case.  Thus, the Parties believe it is reasonable for the Court to stay proceedings between them at least until the earlier of one-year or the pre-trial conference in the underlying *ADVA* case.

The Parties further agree that, notwithstanding the stay, Core may serve the ADVA Customer Defendants with a subpoena pursuant to Federal Rule of Civil Procedure 45. By entering into this stipulation for a stay, the ADVA Customer Defendants are not waiving their right to otherwise object to the subpoenas, except that the entry of this stay shall not be used as a basis to refuse or object to the subpoena requests.

WHEREFORE, the Parties respectfully request that their requested stay be entered, and that proceedings between Core and the ADVA Customer Defendants, except as to any proceedings under Rule 45, be STAYED, and that the Parties be ordered to meet and confer and to jointly report to the Court regarding continuation of the stay and requested duration of the stay on or before the earlier of: (i) March 30, 2022; or (ii) two weeks before the final pre-trial conference in the *ADVA* case.

DATED:  April 6, 2021

GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP


By: */s/Lawrence Hadley*
   LAWRENCE M. HADLEY
   STEPHEN E. UNDERWOOD
   Attorneys for Plaintiff
   Core Optical Technologies, LLC

DATED: April 6, 2021

FENWICK & WEST LLP

By: /s/ J. David Hadden
    J. David Hadden
    Saina Shamilov
    Todd R. Gregorian
    Eric Young
    Attorneys for Defendant
    Amazon.com, Inc.

DATED: April 6, 2021

By: /s/ Marcy M. Heronimus
    Marcy M. Heronimus
    Attorney for Defendant
    CenturyLink, Inc.